## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ISIAH DIGGS** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO: 05-3009** |
| **BURL CAIN, WARDEN** | * | **SECTION: "B"(6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to Title 28, United States Code, Sections 636(b)(1)(B) and (C), and, as applicable, Rule 8(b) of the Rules Governing Section 2254 cases.  Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing.  For the following reasons, it is hereby recommended that the instant petition be **DISMISSED WITH PREJUDICE** as untimely.

## Procedural History

Petitioner, Isiah Diggs, was charged by grand jury indictment with first degree murder, a violation of La. R.S. 14:30.  A jury trial was held on March 11 and 12, 1992.  The

jury found petitioner guilty as charged and recommended that petitioner be sentenced to life imprisonment.[1]  On October 30, 1992, the trial court sentenced petitioner to serve life imprisonment, at hard labor without benefit of probation, parole, or suspension of sentence.[2]  Petitioner directly appealed his conviction to the Louisiana Court of Appeal, Fourth Circuit under Number 92-KA-2732 on December 3, 1993.  The Fourth Circuit affirmed petitioner's conviction on May 26, 1994.[3]  Petitioner filed a petition for a writ of certiorari in the Louisiana Supreme Court on June 23, 1994, under No. 94-KO-1694.[4]  The Louisiana Supreme Court denied the writ on November 29, 1994,[5] and it denied the application for reconsideration on May 12, 1995.[6]  Therefore, under state law, specifically La. C.Cr.P. art. 922 D, petitioner's conviction became final on May 12, 1995, when the Louisiana Supreme Court refused rehearing.[7]

---

[1]See State Rec., Vol. 1, minute entries dated March 11 and 12, 1992.  **State v. Isiah Diggs,** No. 352-254 "H", Criminal District Court, Parish of Orleans.

[2]See State Rec., Vol. 1, minute entry dated October 30, 1992.

[3]**State v. Diggs,** No. 92-KA-2732 (unpublished opinion) 637 So.2d 832 (Table)(May 26, 1994).  A copy of the unpublished opinion is contained in the State Rec., Vol. 1.

[4]See State Rec., Vol. 3, for a copy of the writ.

[5]See State Rec., Vol. 1, for a copy of the ruling.

[6]See State Rec., Vol. 3, for a copy of the ruling.

[7]La. C.Cr.P. art. 922 D provides, in pertinent part:
D.  If an application for a writ of review is timely filed with the supreme court, the judgment of the appellate court from which the writ of review is sought becomes final when the supreme court denies the writ.

Sometime between May 1995 and May 1998, petitioner filed a motion to quash his conviction on the ground that the indictment failed to charge "the element of specific intent." The trial court denied the motion on May 26, 1998.[8] An application for supervisory writs was filed on June 24, 1998, under 98-K-1557, in the Louisiana Fourth Circuit. The Louisiana Fourth Circuit denied the writ on July 13, 1998, as follows: "This Court finds no error in the judgment of the district court denying relator's motion to quash the conviction."[9] Review of the state records does not show that petitioner applied to the Louisiana Supreme Court to review the Louisiana Fourth Circuit's July 13, 1998, denial of relief.

Petitioner then allowed five years and four months to pass prior to filing an application for post conviction relief (PCR), on November 24, 2003.[10] The first claim presented in the PCR was that his conviction and sentence were unconstitutional because the indictment was deficient, as it was founded on provisions of law that were declared unconstitutional in **State v. Dilosa,** 848 So.2d 546 (La. June 27, 2003). The second claim was that the State of Louisiana had prior notice of the defective jury selection procedures in Orleans Parish. These are the same claims that petitioner seeks to litigate in his federal

---

[8]See State Rec., Vol. 2, for a copy of the Order dated May 26, 1998.

[9]**State v. Diggs,** No. 98-K-1557 (La. App. 4th Cir. July 13, 1998). See State Rec., Vol. 2, for a copy of the ruling.

[10]See State Rec., Vol. 3, for a copy of the PCR, which petitioner signed on November 24, 2003. See **State v. Causey,** 450 F.3d 601 (5th Cir. 2006)(State court pleading filed by pro se petitioner deemed filed when it is delivered to prison authorities for forwarding to the district court).

petition for habeas corpus relief.   According to petitioner,[11] the trial court denied the

application for PCR on April 16, 2004, as follows:

## Judgment

### Claims #1 and #2 - Grand Jury Indictments

> Petitioner admits that a Motion to Quash was not filed pre-trial.  As petitioner's claims of a defective grand jury indictment were not raised pre-trial, these issues have not been preserved.  **State v. Woodberry,** 820 So.2d 638 (La. App. 4 Cir. 2002), writ denied, 840 So.2d 544 (La. 2003), See also **Yakus v. U.S.,** 321 U.S. 414 (1944).

### Claim # 3 - Ineffective Assistance of Counsel

> As more than 3 years have elapsed since petitioner's conviction became final, this claim is untimely.  La. C.Cr.P. art. 930.8
> Based on the foregoing defendant's Application for Post-Conviction Relief will Not Be Considered.

See State Rec., Vol. 3, Diggs' Application for Supervisory Writs and Remedial Writs or Review,  page 4.)

Petitioner appealed this decision, signing his application for supervisory writs

to the Louisiana Fourth Circuit on May 21, 2004.  The Louisiana Fourth Circuit denied

petitioner's application for supervisory writs on June 29, 2004.[12]  Petitioner filed an

application for remedial writs and writs of certiorari (or review) in the Louisiana Supreme

---

[11]The Judgment is not contained in the State court records which have been provided to this Court.

[12]**State v. Diggs,** No. 2004-K-0927 (La. App. 4th Cir. June 29, 2004).  A copy of the ruling is contained in the State Record, Volume 3.

Court on August 27, 2004, under No. 04-KH-2194.[13]  Petitioner signed the application on

July 18, 2004.  The Louisiana Supreme Court denied relief on May 20, 2005.[14]

Petitioner filed his federal application for habeas corpus relief on July 7, 2005,

the day he signed the petition and presented it to the prison authorities for mailing.[15]  He

presents two issues:  (1) that his conviction and sentence were obtained as a result of the

actions of a grand jury which was unconstitutionally selected and impaneled (specifically,

petitioner argues that his indictment and conviction are unlawful because the Louisiana

Supreme Court declared the statutes governing the issuance of his indictment

unconstitutional in **State v. Dilosa,** 848 So.2d 546 (La. 2003)); and, (2) that the State of

Louisiana had been put on notice before **Dilosa** that the statues regarding jury selection in

Orleans Parish were unconstitutional.  The State did not contest whether petitioner had

---

[13]See State Rec., Vol. 3, for a copy of the Application.

[14]See State Rec., Vol. 3, for a copy of the ruling.  **State ex rel. Isiah Diggs v. State of Louisiana,** No. 2004-KH-2194 (La. May 20, 2005).

[15]See Federal Rec., Doc. #3.  This July 7, 2005, filing date was ascertained via the Court's use of the "mailbox rule."  Under this rule, a pleading filed by a prisoner acting pro se is considered to be filed for prescriptive purposes on the date it is delivered to prison officials for mailing, rather than the date it is received by the court.  **Cooper v. Brookshire**, 70 F.3d 377, 379 (5th Cir. 1995).  Generally, the date a prisoner signs his petition, in this case, July 7, 2005, is presumed to be the date he delivered it to prison officials for mailing.  *See* **Colarte v. LeBlanc**, 40 F.Supp.2d 816, 817 (E.D. La. 1999) (assumed that petitioner turned his habeas corpus application over to prison officials for delivery to this Court on the date he signed his application); **Magee v. Cain**, 2000 WL 1023423, *4 n.2 (E.D. La. 2000) (inferred that filing date and signature date of habeas petition were the same); **Punch v. State**, 1999 WL 56279, *2 n.3 (E.D. La. 1999) (may reasonably be inferred that prisoner delivered habeas petition to prison officials for mailing on date he signed petition).

exhausted his issues in the highest state court.  This Court's review of the record shows that the issues have been exhausted.  Title 28, United States Code, Section 2254 (b)(1)-(3); **Rose v. Lundy**, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).  However, the State argues that petitioner's application was untimely filed and, as such, the application for federal habeas corpus relief should be dismissed with prejudice.

<u>Analysis</u>

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year within which to bring his habeas corpus claims pursuant to Title 28, United States Code, Section 2254, with this one year period commencing to run from "the latest of" either the date the petitioner's state judgment became final or the expiration of his time for seeking review.[16]  *See* Title 28, United States Code, Section 2244(d)(1) (West 2006), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220.  In this case, petitioner's judgment became final on May 12, 1995, when the Louisiana Supreme Court denied his request for rehearing.  The time for seeking review of this decision before the United States Supreme Court expired 90 days later, on August 10, 1995. See Sup. Ct. R 13(1); **Roberts v. Cockrell**, 319 F.3d 690, 694 (5th Cir. 2003); **Ott v. Johnson,** 192 F.3d 510, 513 (5th Cir. 1999), <u>cert. denied,</u>  529 U.S. 1099, 120 S. Ct. 1834, 146 L.Ed.2d 777 (2000).  However, the U.S. Fifth

---

[16]The AEDPA applies to this case as it was filed after the enactment of the AEDPA, or after April 24, 1996.  **Lindh v. Murphy,** 521 U.S. 320, 117 S.Ct. 2059, 2060, 138 L.Ed.2d 481 (1997).

Circuit held in **Flanagan v. Johnson,** 154 F.3d 196, 201-02 (5th Cir. 1998) that prisoners such as Diggs must be given a one-year grace period, from April 24, 1996, until April 24, 1997, during which to file a federal post conviction habeas challenge. **Id.** at 201-02.  See also, **Felder v. Johnson,** 204 F.3d 168, 169 (5th Cir. 2000).  Under the general rule set forth in Title 28, United States Code, Section 2244(d)(1), therefore, Diggs' federal limitations period would have commenced running on April 24, 1996, and he would have had until April 24, 1997, to file either his federal habeas petition or a "properly filed state post-conviction application" sufficient to toll the limitations period.[17]

As mentioned earlier, Diggs filed a motion to quash his conviction on some unspecified date between May 12, 1995, (the date his state conviction became final)  and May 26, 1998, the date the trial court denied the motion.  Assuming that petitioner's motion to quash was pending from May 12, 1995, until it was denied on May 26, 1998, petitioner's limitation period would be tolled for that period of time.  Moreover, it appears from the state record that petitioner timely appealed the ruling to the Louisiana Fourth Circuit and that relief was denied on July 13, 1998.  Petitioner did not seek further review in the Louisiana Supreme Court.  Therefore, petitioner's one year grace period was tolled and did not commence to run a until July 14, 1998.  He then allowed approximately five years and four

---

[17] Title 28, United States Code, Section 2244(d)(2) allows for the tolling of this one year limitations period during the time when a properly filed post-conviction matter or other collateral review matter is proceeding in the state courts.

months to pass before he filed an application for PCR in the state trial court on November 24, 2003.  By that time, all of petitioner's grace period has elapsed thus rendering his federal petition untimely.  Therefore, unless Diggs' claims fall under one of the exceptions to the general limitations rule, as set forth in Section 2244(d)(1)(B)-(D), Diggs' federal habeas application would be time-barred.

Since Diggs' petition is premised on the decision in **Dilosa**, 848 So.2d 546, a case decided by the Louisiana Supreme Court on June 27, 2003, he argues that his habeas application falls under the exception set forth in Section 2244(d)(1)(C) as his claim relies upon a "new rule of law."  Specifically, Section 2244 (d)(1)(C) provides, in pertinent part:

> A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review ...

If Diggs could prove that his case fell under this exception, he would be given one year from the time when the new law was recognized to file a federal habeas petition. The **Dilosa** decision was rendered on June 27, 2003. Assuming, *arguendo*, that the **Dilosa** decision was a "new rule of law", Diggs would have one year after that decision was

8

rendered, or until June 27, 2004, to file either his federal petition or a state post-conviction application sufficient to toll the limitations period.  Diggs filed a state post-conviction application on November 24, 2003, allowing 149 days of his one year limitations to expire. The application remained pending until the Louisiana Supreme Court denied it on  May 20, 2005.[18]  Diggs then filed his federal habeas application on July 7, 2005, allowing a lapse of 47 additional days. Therefore, assuming the **Dilosa** decision extended Diggs' federal limitations period to one year after the decision was rendered, Diggs' federal application would be timely filed.

However,  the court finds that the **Dilosa** decision does not extend Diggs' federal limitations period under Section 2244(d)(1)(C).  In **Dilosa,** the Louisiana Supreme Court held that Louisiana laws which established a unique method for the selection of the grand jury venire and foreperson in Orleans Parish violated  La. Const. art. III, § 12(A), which prohibits the passage of local laws concerning criminal actions.[19]   **Dilosa** was thus based on the *Louisiana Supreme Court's* finding that certain articles of the Louisiana Code of Criminal Procedure violated the *state* constitution, which is of no moment in a federal

---

[18]See, Footnote No. 14 of this Report.

[19]The provisions struck down by this court in **Dilosa** gave judges in Orleans Parish, and only in Orleans Parish, the unique authority to select all of the grand jurors from the grand jury venire, as opposed to the system of random selection from the venire prevailing elsewhere in the State of Louisiana for selection of all of the grand jurors with the exception of the foreperson. **Dilosa,** 848 So.2d at 550.

proceeding.   Section 2244(d)(1)(C)  requires that a habeas petitioner make a two-prong showing: 1) that the constitutional right asserted has been newly recognized by the *U.S. Supreme Court*; and, 2) that the *U.S. Supreme Court* had made the right *retroactively applicable* to cases on collateral review (emphasis added).  Diggs has made neither showing. The **Dilosa** decision is neither a change of law set forth by the U.S. Supreme Court nor has it been made retroactive by the U.S. Supreme Court.  Therefore, Diggs cannot establish that his case falls under the purview of the exception set forth in Title 28, United States Code, Section 2244(d)(1)(C).

Even if the court were to address the merits of Diggs' claim based upon **Dilosa,** the court  would necessarily find that he is not entitled to relief.  Federal habeas corpus relief may be granted only to remedy violations of the U.S. Constitution and laws of the United States; mere violations of state law will not suffice.  Title 28, United States Code, Section 2254; **Engle v. Isaac,** 456 U.S. 107, 119 (1983).  See **Davis v. Jones**, 2006 WL 1540114 (E.D. La. May 31, 2006)(Berrigan, J.)(holding that **Dilosa** "did not announce a new constitutional right under the United States Constitution.  Rather . . . a *state* supreme court applied a pre-existing *state* constitutional right to invalidate a state law". The court therefore denied habeas relief.)

10

Based upon the foregoing, the court finds that Diggs' habeas application is untimely filed.  Alternatively, petitioner fails to establish that he is entitled to federal habeas relief on the basis of **State v. DiLosa,** 848 So.2d 546 (La. 2003).[20]   Accordingly;

## RECOMMENDATION

It is hereby **RECOMMENDED** that the petition of Isiah Diggs for issuance of a writ of habeas corpus under Title 28, United States Code, Section 2254 be **DENIED** with prejudice  as untimely.  Alternatively, the petition should be **DENIED** with prejudice on the merits.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such

---

[20]The court is unaware of any other grounds, such as equitable tolling, which would warrant an extension of the federal one year statute of limitations.

11

consequences will result from a failure to object. **Douglass v. United Services Auto. Ass'n,**
79 F. 3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 27th day of February, 2007.

LOUIS MOORE, JR.
UNITED STATES MAGISTRATE JUDGE